IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BEAU GALLIPEAU,

                      Plaintiff,                    OPINION AND ORDER

v.

                                            17-cv-789-wmc

DR. LARSEN, C. WHITMAN,
NURSE PRACTITIONER BONNETT,
NURSE CHRIS, and NURSE JAN,

                      Defendants.

---

*Pro se* plaintiff Beau Gallipeau, a prisoner at Fox Lake Correctional Institution ("FLCI"), is proceeding in this civil lawsuit on Eighth Amendment claims against defendants Larsen, Whitman, Bonnett, Chris and Jan, for their alleged mishandling of his need for treatment for an infection following major gastrointestinal surgery. Before the court is defendants' motion pursuant to 28 U.S.C. § 1406(a) to dismiss for improper venue or transfer venue to the Eastern District of Wisconsin (dkt. #26), and Gallipeau's requests for assistance in recruiting counsel and for appointment of an expert (dkt. ##15, 34, 36). Since venue in this district court is improper, the court will grant defendants' motion, transfer this case to the Eastern District of Wisconsin, and deny Gallipeau's motions without prejudice to him renewing them in that court.

OPINION

Venue is proper where defendants to a lawsuit reside or where the events giving rise to the claim took place. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Gallipeau has alleged that all defendants reside in Fox Lake, Wisconsin. Moreover, the events giving rise to Gallipeau's claims against defendants took place at FLCI, when he was seeking treatment following his surgery, and FLCI is located in Fox Lake, Wisconsin. Fox Lake, Wisconsin is located in Dodge County, which is in the Eastern District of Wisconsin. 28 U.S.C. § 130(a).

Gallipeau's opposition is unavailing. He opposes the motion on the ground that FLCI, where he is located, is closer to the federal courthouse for the Western District of Wisconsin than the federal courthouse for the Eastern District of Wisconsin. In support, Gallipeau points out that the court previously denied a request to transfer a case brought by a prisoner involving defendants who were working at FLCI related to events that took place there. *See Stoik v. Whitman*, No. 18-cv-699-wmc (W.D. Wis. 2019). Yet, the court's decision in *Stoik* resolved a motion to transfer brought under 28 U.S.C. § 1404(a), not § 1406. *See id.*, dkt. ##18, 24. Section 1406(a) gives the court little discretion, and does not allow the court to consider the convenience of the parties and witnesses; rather, if the court concludes venue is improper, the court *shall* either dismiss the case or transfer it to a district court where venue would be proper.

Finding venue improper in the Western District of Wisconsin, the court further concludes that transfer, rather than dismissal, serves the interest of justice. Therefore, the court will grant defendants' motion and transfer this case to the Eastern District of Wisconsin.

Finally, the court will deny Gallipeau's motions for assistance in recruiting counsel and for appointment of an expert, all without prejudice to his ability to renew them in the Eastern District. As for his request for assistance in recruiting counsel, a *pro se* litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

To begin, Gallipeau must show that (1) he is unable to afford counsel and (2) he made reasonable efforts on his own to find a lawyer to represent him. Gallipeau has already satisfied these requirements, but he must also show that his is one of the relatively few cases where the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. While Gallipeau argues that recruitment is necessary because he lacks legal training, this case involves medical care and may require expert testimony, his complaint, opposition brief and motions indicate that he has a clear understanding of the nature of his claims, the relevant legal standards, and he advocates well for himself. Since it is not apparent that expert testimony will be necessary or the nature of Gallipeau's claims are overly complex, the court is not persuaded that recruitment of counsel is appropriate. For the same reason, the court declines to recruit a neutral expert. Accordingly, the court is

denying his motions without prejudice to his ability to renew them in the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that:

1. Defendants Bonnet Britt, De Young Larson and Whitman's motion to dismiss or transfer venue (dkt. #26) is GRANTED.

2. Plaintiff Beau Gallipeau's motions for assistance in recruiting counsel and for an appointment of an expert (dkt. ##15, 34, 35, 36) are DENIED without prejudice.

3. This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 7th day of February, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge